107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BEL-AIRE HEATING AND AIR CONDITIONING, INC., Plaintiff-Appellant,
v.
SHEET METAL WORKERS' NATIONAL PENSION FUND, et al.,
Defendants-Appellees.
 No. 95-35708.
 United States Court of Appeals, Ninth Circuit.
 Dec. 11, 1996.
 
 Before: ALARCN, NORRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant asserts a contract claim for indemnification for the amount of its employer withdrawal liability. The claim is based on a provision in the Sheet Metal Workers' National Pension Fund's Amended and Restated Agreement and Declaration of Trust.
 
 
 3
 We affirm the summary judgment on the ground that appellant is not an ERISA beneficiary with the right to bring a civil action to recover benefits due under the terms of the Trust Agreement, see Order Granting Defendants' Motion For Summary Judgment, filed June 7, 1995, at 10-12, and on the ground that appellant has failed to assert a federal common law cause of action. See id. at 13-14.
 
 
 4
 In their brief, appellees request attorneys' fees on appeal. Appellees' Brief at 30. The request is denied without prejudice to the filing of a separate motion for fees. See Fed.R.App.P. 38.
 
 
 5
 AFFIRMED.
 
 
 6
 KLEINFELD, Circuit Judge, concurring.
 
 
 7
 I concur in the majority's decision. I write separately because I am troubled by the result, and want to emphasize its narrowness in case anyone infers too much from the disposition when it is circulated in the computer services and specialized reporters.
 
 
 8
 If Bel-Aire proved what it alleges, the trustees misappropriated money from the plan, commingled plan money with other money to the detriment of the participants, and then bailed the participants out by overcharging employers like Bel-Aire. For example, Bel-Aire claims that trust fund money was used to buy the union head a $1.9 million mansion. The trustees also, if Bel-Aire is right, took what was an amply funded plan when Bel-Aire joined, and merged it with other, grossly underfunded plans, turning a $50 million surplus into an $800 million shortfall. Then they told Bel-Aire to pay a proportional part of the shortfall in order to withdraw.
 
 
 9
 This is exactly the kind of abuse of trust funds ERISA was supposed to prevent. Yet only employers like Bel-Aire have any incentive to sue. If trustees, through nonfeasance or misfeasance, cause a trust fund to be dissipated, but have the economic power to force employers to make up the difference, then the workers whose funds were dissipated by the trustees have no reason to sue. What makes sense (if Bel-Aire's claims are well founded, which we do not know) is to let the employer sue on behalf of the employees, and force the trustees to pay the trust back what was lost through the trustees' misfeasance or nonfeasance, and pay the employer's lawyers' fees, something like a shareholders' derivative suit. If the employer has already covered losses to the fund caused by the trustees' wrongdoing, then an appropriate equitable remedy might include a reimbursement by the fund to the employer of what it had overpaid.
 
 
 10
 Unfortunately, Bel-Aire has not given us a way to get there from here, at least as this case was presented in district court and argued here. I agree with the majority that Bel-Aire is not a beneficiary under 29 U.S.C. § 1132(a). Fentron Industries v. National Shopmen Pension Fund, 674 F.2d 1300 (9th Cir.1982) does not solve the employer's problem of being left off the § 1132(a) list, in light of Pilkington PLC v. Pearlman, 72 F.3d 1396 (9th Cir.1995).
 
 
 11
 Bel-Aire has not argued for a right to sue on behalf of the bilked beneficiaries. See Restatement of Trusts 2d § 200, comment b (settlor with an interest). Nor has Bel-Aire presented an argument based on § 1451(a)(1), which provides that an "employer ... adversely affected by the act or omission of any party ... may bring an action for appropriate legal or equitable relief, or both." Nor has Bel-Aire argued that it is a "fiduciary" under the broad definition in § 1002(21)(A), and our liberal interpretations in our cases, which would fit it within § 1132(a).
 
 
 12
 Because no such arguments have been made, we have not ruled upon whether they would be correct. Our disposition cannot, therefore, be read to imply that they are not correct (nor should this concurrence be read to imply that they are). We leave for another day the general question whether an employer, whose plan has suffered from malfeasance by the trustee, with the loss shifted to the employer, may obtain relief under any theories other than the one urged in appellant's brief, which is peculiar to the facts of this case.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3